IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FANNIE MAE,<br><br>Plaintiff,<br><br>vs.<br><br>NB STADIUM VIEW, DST; PATRICK NELSON; BRIAN NELSON; NELSON BROTHERS PROFESSIONAL REAL ESTATE, LLC; NB STADIUM VIEW LEASECO, LLC; and SUMMIT FIRE & SECURITY LLC f/k/a FIRE SUPPRESSION SYSTEMS LLC,<br><br>Defendants. | CV 25–107–BU–DLC<br><br>ORDER |

Before the Court is Receiver Chris Neilson's Motion for Approval of Property repairs and Proposed Funding Procedure. (Doc. 69.) Having reviewed the Motion, NB Stadium View's brief in opposition, and finding good cause to grant the Motion, IT IS HEREBY ORDERED as follows:

1. The Motion (Doc. 69) is GRANTED.

2. The proposed repairs to the Property as described in the Motion are hereby approved (excluding roof replacement, which the Receiver is already authorized to commence immediately pursuant to Paragraphs 28, 32(j), 32(k), and

32(l) of the Order Granting Plaintiff's Motion for Appointment of Receiver entered June 16, 2025 (the "Receivership Order")).

3. The proposed funding procedure set forth in Section V of the Motion is hereby approved, specifically:

a. Vendors will invoice the Receiver for work performed;

b. The Receiver will first draw funds from collected Property Revenues (rents) for repair expenses;

c. If additional funds are needed, the Receiver will submit the invoice to Fannie Mae and request monetary advances from Fannie Mae as necessary;

d. To the extent the Receiver's request complies with this Court's orders and is acceptable to Fannie Mae, Fannie Mae may wire the requested funds to the Receiver;

e. The Receiver will immediately wire payment to the vendor upon receipt of funds from Fannie Mae; and

f. Any monetary advance provided by Fannie Mae shall be deemed the obligation of Borrower and added to the indebtedness owed to Fannie Mae, as provided in Paragraph 31(d) of the Receivership Order, and shall be treated as a

protective advance which may be added to the total debt due in accordance with Section 4 of the Mortgage.

4. Fannie Mae is authorized, but not directed, to make advances to the Receiver for repair expenses in its sole and absolute discretion, consistent with Paragraph 31(c) of the Receivership Order. Nothing in this Order shall be construed to direct or compel Fannie Mae to make any advance to the Receiver.

5. Any advances made by Fannie Mae for repair expenses shall be added to the indebtedness owed to Fannie Mae or, in the alternative, be considered administrative expenses of the Receivership in Fannie Mae's sole discretion. To the extent any such administrative expenses of the Receivership are not repaid from Property Revenues, they shall be added to the indebtedness owed to Fannie Mae and further secured by a receiver's certificate issued by the Receiver.

6. The Court acknowledges that the Receiver intends to commence roof replacement for the entire Property immediately, as the first phase of the repair project, pursuant to the Receiver's authority under the Receivership Order.

7. This Order shall be effective immediately upon entry.

DATED this 25th day of August 2026.

Dana L. Christensen, District Judge
United States District Court